UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEWEL SHEPHERD-SAMPSON,

    Plaintiff,

v.

PARATRANSIT SERVICES, et al.,

    Defendants.

CASE NO. C13-5888 BHS

ORDER DENYING MOTION TO COMPEL AND DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL

This matter comes before the Court on Plaintiff Jewel Shepherd-Sampson's ("Shepherd-Sampson") motions to compel and to appoint counsel (Dkts. 17 and 18). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. BACKGROUND**

On October 7, 2013, Shepherd-Sampson filed a motion to proceed in forma pauperis. Dkt. 1. On October 10, 2013, the Court denied the motion, finding that she did not meet the indigency requirements. Dkt. 2. On October 23, 2013, the Court received Shepherd-Sampson's $400.00 filing fee, and she filed a civil rights complaint alleging employment discrimination based on her color, race and disability and for retaliation.

1  *See* Dkt. 3.  Shepherd-Sampson states that her claims are based on Title VII and the

2  Americans with Disabilities Act (ADA).  Dkt. 1-2.

3        On February 24, 2014, the Court issued an order regarding initial disclosures and

4  the joint status report, indicating the joint status report was due by June 24, 2014, the

5  FRCP 26(f) conference deadline was June 3, 2014, and the initial disclosure deadline was

6  June 17, 2014.  Dkt. 7.  On March 6, 2014, Defendants filed an answer.  Dkt. 9.  By

7  agreement of the parties, on June 6, 2014, the Court extended the deadlines as follows:

8  the FRCP 26(f) conference deadline was set for July 3, 2014, the initial disclosure

9  deadline was set for July 17, 2014, and the joint status report was due by July 24, 2014.

10        On July 1, 2014, Shepherd-Sampson filed the instant motions to compel and to

11  appoint counsel. Dkts. 17 and 18.  On July 8, 2014, Defendants answered in opposition to

12  the motion to compel (Dkt. 20) and took "no position" on the motion to appoint counsel

13  (Dkt. 20 at 3). Shepherd-Sampson filed no reply.

14        **II. DISCUSSION**

15  **A.  Motion to Compel**

16        Shepherd-Sampson asks that the Court "compel[]" Defendants to appear before

17  the Court for "a pre-trial conference on July 22, 2014" and "move the calendar forward."

18  Dkt. 17.  She maintains that Defendants have "not complied with the date set for the pre-

19  trial conference[1]."  *Id.*  Shepherd-Sampson argues that her motion to compel is justified

---

[1] The Court, as do the Defendants, assume that Shepherd-Sampson's use of the term "pre-trial conference" is intended to reference the FRCP 26(f) conference, as that is the only conference for which the Court has issued a deadline. The pretrial conference typically takes

because she has "not received any contact from Defendant and its legal representative since the last time we were before said court." *Id.*

Defendants argue that it is Shepherd-Sampson's responsibility to initiate contact with the Defendants to comply with the Court's July 3, 2014 deadline for the 26(f) conference. Dkt. 20 at 2. Additionally, Defendants have submitted sworn testimony that Shepherd-Sampson has failed to comply with FRPC 37(a)(1),which requires the parties to confer in advance of filing a motion to compel. Dkt. 21 at 2 (Decl. of Sean E.M. Moore, Defendants' counsel). Defendants also observed that Shepherd-Sampson's motion lacks the requisite FRCP 37(a)(1) certification that she attempted in good faith to confer on the matter prior to filing her motion. Dkt. 20 at 2. Further, Defendants state she has failed to comply with the Court's order regarding initial disclosures, the joint status report and early settlement. Dkt. 20 at 2. In fact, Defendants maintain that since they spoke with Shepherd-Sampson by phone on June 4, 2014 regarding the aforementioned extension of deadlines, including the extension of the 26(f) conference to July 3, 2014, she has initiated no further communications with Defendants. Dkt. 21 at 2 (Decl. Moore). Therefore, they maintain Shepherd's motion to compel should be denied.

Shepherd-Sampson did not file a reply to contradict Defendants' statement that she failed to confer prior to filing her motion to compel. Nor, as Defendants argue, did Shepherd Sampson file the FRCP 37(a)(1) certification with her motion. *See* Dkt. 17. Failure to confer in good faith in order to attempt to resolve the dispute prior to filing a

---

place a few weeks before trial and will be scheduled by the Court after submission of the parties' joint status report.

motion to compel is fatal to such motion.  Additionally, as Defendants point out, Shepherd-Sampson has the responsibility to initiate contact with the Defendants to comply with the Court's July 3, 2014 deadline for a 26(f) conference, as indicated specifically in the Court's order.[2]  Dkt. 7 at 5.  Additionally, Shepherd-Sampson did not file a reply contradicting Defendants' statements that she has failed to comply with the Court's order regarding initial disclosures, the joint status report and early settlement. Dkt. 20 at 2.

If Shepherd-Sampson wishes to prosecute and avoid risking dismissal for failure to prosecute, she must contact Defendants' counsel to seek an agreed extension of the initial disclosures, joint status report and FRCP 26(f) deadline. That contact must take place no later than August 8, 2014.  Then, Shepherd-Sampson must phone the Court and request the agreed-upon extension. Once the extension has been confirmed by the Court, Shepherd-Sampson will have sufficient time to work with Defendants to schedule a FRCP 26(f) conference and fulfill the other obligations set forth the Court's initial scheduling order.  *See* Dkt. 7.

**B.     Motion to Appoint Counsel**

A plaintiff has no constitutional right to appointed counsel for employment discrimination claims. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In actions brought under Title VII and the ADA, however, the Court has

---

[2] The scheduling of such a conference usually takes place by written or telephonic contact with the Defendants' counsel, and the conference itself typically occurs via phone, though it may also occur in person at an agreed-upon time and location. The Court expects the parties to be cooperative in scheduling and meeting deadlines.

authority to appoint counsel pursuant to 42 U.S.C. § § 2000e–5(f)(1) and 12117(a). Courts evaluate three factors in reviewing an application for appointment of counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).  A district court's decision whether to appoint counsel is reviewed for abuse of discretion. *Id.*

In this case, while Shepherd-Sampson is of limited means, it is not clear to the Court that she could not use the financial resources or assets at her disposal to obtain private counsel. Dkt. 18 and 18-1.  Additionally, Shepherd-Sampson does little to explain her efforts to secure counsel on her own.  She merely states that she has "contacted several attorneys but none can offer services pro bono." Dkt. 18 at 2.  She does not indicate how many attorneys she contacted, when she contacted them, or if she checked with associations or entities that provide either pro bono legal services or that could assist her in locating an attorney to represent her pro bono.  Finally, although Shepherd-Sampson indicates that the Equal Opportunity Employment Commission found reasonable cause to believe her allegations (Dkt. 19 at 3), the Court is unable to determine the merit of her complaint for the purposes of appointment of counsel.  Many, but not all, of the allegations in Shepherd-Sampson's complaint are unclear.  For example, she fails in large part to provide a clear timeline of most of the facts and does not clearly explain how those facts correspond to the actions of Defendants such that they led her to conclude she was discriminated against based on race, color or disability, and,

apparently, retaliated against for complaining about some or all of the unequal treatment on the above protected bases. *See* Dkt. 4.

Therefore, the Court denies Shepherd-Sampson's motion to appoint counsel without prejudice. As the case moves forward, if she deems it appropriate, Shepherd-Sampson can renew her motion for appointment of counsel.

## III. ORDER

Therefore, it is hereby **ORDERED** that Shepherd-Sampson's motion to compel (Dkt. 17) is **DENIED** and her motion for appointment of counsel (Dkt. 18) is **DENIED without prejudice**.

Dated this 25th day of July, 2014.

BENJAMIN H. SETTLE
United States District Judge